```
            UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION

              CASE NO: 2:05-CV-270
```

MORGAN STANLEY DW, INC.

      Plaintiff,

v.

WILLIAM C. WHITE III,

      Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court upon Plaintiff's Emergency Motion for Temporary Restraining Order. Upon due and careful consideration of the Verified Complaint: Injunctive Relief Sought (Docket Entry No. 1), Plaintiff's Emergency Motion for a Temporary Restraining Order and Incorporated Memorandum of Law, and the Declarations of Gloria Faye Richards and Richard Berlick (Docket Entry No. 2), and being otherwise advised in the premises, the Court hereby finds as follows:

1. Under Section 10335 of the NASD Code of Arbitration Procedure, and the holding in <u>American Express Financial Advisors v. Makarawicz</u>, 22 F.3d 936 (11th Cir. 1997), Plaintiff Morgan Stanley DW, Inc. ("Morgan Stanley"), has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

2. There is cause to believe that the rights of Morgan Stanley with respect to its property, proprietary and confidential information, competitive interests, and employment contracts with Defendant William C. White, III ("White") are being and may continue to be violated by Defendant unless said Defendant is restrained in the manner set forth in this temporary restraining order.

3. Morgan Stanley will suffer irreparable harm and loss if Defendant is permitted to: (a) convert property of Morgan Stanley to his own personal use and benefit, and that of his new employer, Banc of America Investment Services, Inc. ("Banc of America"); (b) solicit Morgan Stanley clients to transfer their business to a competitor firm, if Defendant is not immediately enjoined; (c) recruit or solicit any Morgan Stanley employee; (d) use, disclose or transmit information contained in the Company Records, as defined in the employment agreement, dated May 1, 2000, entered into between White and Dean Whitter Reynolds Inc. (the "Employment Agreement"); or (e) retain original Company Records of Morgan Stanley and copies of reproductions of those records.

4. The injury suffered by Morgan Stanley is presumed irreparable under Section 542.335 of the Florida Statutes. In addition, loss of clients and goodwill from a breach of a non-competition or confidentiality agreement constitutes irreparable injury. See Merrill Lynch v. Dunn, 191 F. Supp. 2d 1346, 1354 (M.D. Fla. 2002) (irreparable harm established when former

financial advisors solicited former employer's clients in violation of non-compete agreements because damages are difficult to measure with reasonable certainty; <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hagerty</u>, 808 F. Supp. 1555, 1560 (S.D. Fla. 1992), <u>aff'd</u>, 2 F. 3d 405 (11th Cir. 1993) (irreparable injury when brokers violated non-competition agreement).

5. Morgan Stanley has no adequate remedy at law.

6. Morgan Stanley will suffer greater injury by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

ORDERED AND DECREED THAT:

1. Plaintiff's Emergency Motion for Temporary Restraining Order is GRANTED and is effective as of **5:00 p.m.** this **8th** day of **June**, 2005. Plaintiff shall post security with the Clerk of this Court in the amount of $10,000 no later than the **9th** day of **June**, 2005.

2. Defendant is immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of Banc of America, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a) Soliciting or otherwise initiating any further contact or communication with any customers who were served by or whose names became known to White while in the employ of Morgan

Stanley, for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Morgan Stanley;

    (b) Soliciting or otherwise initiating any further contact or communication with any client of Morgan Stanley whose records or information White used in violation of his Employment Agreement or his Account Referral Agreement, dated April 5, 2004. This prohibition specifically includes any client who White may have contacted by mail, phone or otherwise through the use of any information obtained by White while in the employ of Morgan Stanley (excluding White's family and relatives);

    (c) Soliciting or otherwise recruiting any employee of Morgan Stanley to seek employment or affiliation with Banc of America or any of its affiliates or subsidiaries;

    (d) Using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the Company Records of Morgan Stanley or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

    (e) Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in White's possession or control which were obtained from or contain

information derived from any Morgan Stanley records, which pertain to Morgan Stanley clients whom White served or whose names became known to Defendant while employed by Morgan Stanley, or which relate to any of the events alleged in the Complaint in this action.

3.  White, and anyone acting in concert or participation with White, specifically including White's counsel and any agent, employee, officer or representative of Banc of America, are further ordered to return to Morgan Stanley's Florida counsel any and all records, documents and/or other types of information pertaining to Morgan Stanley customers ("'Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to White or his counsel of the terms of this Order.

4.  Any and all Customer Information within the possession, custody or control of White that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device (including, but not limited to desktop, laptop and handheld computers), shall be preserved and made available to a Morgan Stanley representative.

5.  In accordance with Fed .R. Civ. P. 65(b), this Order shall remain in full force and effect until **5:00 p.m.** on **June 16,**

**2005**, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

6. This Temporary Restraining Order is entered this **8th** day of **June**, 2005 at **5:00 p.m.** in Chambers in Fort Myers, Florida and shall expire as set forth in Paragraph 5, above, unless extended by such further Order of this Court.

DONE AND ORDERED on this __8th__ day of June, 2005.

_____
United States District Judge